**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

UNITED STATES OF AMERICA                CASE NO.  1:12CR119

        Plaintiff

  -vs-                                         Judge Michael R. Barrett

ROBERT FRANK POANDL

        Defendant

### OPINION AND ORDER

This cause came on for consideration upon Defendant's Motion to Dismiss for Statute of Limitations Grounds (Doc. 32), the Government's Response in Opposition (Doc. 34) and the oral arguments of counsel.  Defendant seeks the dismissal of the indictment based upon the Statute of Limitations.

While Defendant agrees that 18 U.S.C. §3283 permits the prosecution of sexual abuse at any time during the life of the child victim, he argues that the offense for which he is charged does not fall under an offense contemplated in 18 U.S.C. §3283 because it is not, "an offense involving sexual or physical abuse of a child under the age of 18." The Defendant urges, rather, he is charged with the violation of 18 U.S.C. §2423,  which is the interstate travel with a minor with the intent to engage in "any sexual activity" for which a person can be charged with a criminal offense.  This is pursuant to 18 U.S.C. §2423 (a).   Defendant's argument is that if the requisite intent is proved by the Government he can be convicted without the actual occurrence of sexual activity,  and thus sexual activity is not an element, thereby placing the case out of the purview of 18

U.S.C. §3283.  The Government has indicated it will  establish intent though evidence of the sexual activity actually occurring.

Pursuant to 18 U.S.C. §3509(a)(8), the term "sexual abuse" includes the employment, use, persuasion, inducement, enticement or coercion of a child to engage in, or to assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution or other form of sexual exploitation with children or incest with children.  Pursuant to sub-section (9),  the term "sexually explicit conduct" includes, sexual intercourse, including sexual contact in the manner of genital-genital, oral-genital, anal-genital, or oral-anal contact and sexual contact means the intentional touching, either directly or through clothing, of the genitalia, anus, groin, etc. with  the purpose to gratify sexual desire of any person.  The Government asserts that sexual activity is evidenced first by the Defendant touching the genitalia of the child followed by anal, genital contact.

A  similar Statute of Limitation issue was framed in *United States v. Schneider*, 2010 WL 3656027 (E.D. Pa).  The Pennsylvania Court distinguished  *Bridges v. United States*, 346 U.S. 209, 73 S. Ct. 1055 (1953) in the same manner as the government did in its responsive pleading in the case at bar.  In the *Schneider* case, the predicate criminal sexual activity was compulsory anal intercourse and in the instant case, it is the improper touching of the minor's genitalia followed by anal intercourse.  The Pennsylvania Court determined in that case, that the charge and offense involved the sexual abuse of the child as the charge relates to the common understanding of sexual abuse.  *Schneider,* 2010 WL 3656027.  This Court adopts the same reasoning, as the

Government has clearly alleged an offense involving sexual abuse of a child under the age of 18.

Therefore, Defendant's Motion to Dismiss for Statute of Limitations Grounds is hereby **OVERRULED**.


**IT IS SO ORDERED**.

    s/Michael R. Barrett_____
    Michael R, Barrett, Judge
    United States District Court